**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00324-CR**
_____

**EUGENIO ALLENDE GIL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-04-04356-CR**

**MEMORANDUM OPINION**

Appellant Eugenio Allende Gil was charged with sexual performance by a child under the age of fourteen, a first-degree felony, with a penalty range of five to ninety-nine years or life imprisonment, and up to a $10,000 fine. *See* Tex. Penal Code Ann. §§ 12.32, 43.25(c).

After electing to allow the jury to determine his sentence, Gil pleaded guilty to the charge of sexual performance by a child, retaining his right of appeal as to

punishment, only. The jury assessed Gil's sentence at life imprisonment, with a $10,000 fine, and this appeal followed.[1]

Gil's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous; he also filed a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Gil was notified of his right to file a pro se brief, and he did so on May 14, 2025. The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief or pro se response. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the appellate record and considered Appellant's pro se response, and we agree with counsel's conclusion that no arguable issues support an appeal. *See Bledsoe*, 178

---

[1] The trial court waived the fine and court costs. *See* Tex. Code Crim. Proc. Ann. art. 43.091(a).

S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.") Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on July 7, 2025
Opinion Delivered July 23, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[2] Gil may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.1.